Frank S. Samansky, J.
Plaintiff moves for a protective order vacating defendants’ notice of examination before trial on the *146 ground that it violates CPLR 3106 (subd. [a]). This derivative stockholder’s action was commenced on March 24, 1965. On March 31, 1965 and prior to answer defendants served on plaintiff’s attorney a notice to take the deposition of the plaintiff. The answer was served on April 12,1965.
CPLR 3106 (subd. [a]) provides as follows: “ After an action is commenced, any party may take the testimony of any person by deposition upon oral or written questions. Leave of the court, granted on motion, shall be obtained if notice of the taking of the deposition of a party is served by the plaintiff within twenty days after service of the complaint.”
Caesar L. Pitassy and William J. Ryan, in their Practice Commentary to CPLR 3106 (McKinney’s Cons. Laws of N. Y., Book 7B, CPLR) state the following: “ Subdivision (a) adopts the federal rule which permits a defendant without leave of court to take a deposition of a party or witness before answering, but requires a plaintiff to obtain court permission if he seeks a deposition of a party within the time for defendant to answer.” (Italics added.)
David D. Siegel, in his Supplementary Practice Commentary to CPLR 3106 (McKinney’s Laws of N. Y., Book 7B, CPLR, Supp. p. 24) states the following: “ CPLR 3106(a) establishes its priority by permitting only the defendant to obtain disclosure of a party by mere notice within 20 days after the complaint is served. A plaintiff seeking disclosure of a party within that time must get a court order.” (Italics added.)
An examination of the decisions interpreting this rule reveals that the requirement of an order to take the deposition within 20 days after the commencement of an action applies only to the plaintiff. A defendant is not so limited.
The oral determination of the court of this motion is recalled and plaintiff’s motion for a protective order is denied.